# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD STEELE, | ) |
| Petitioner, | ) Case No. 14-cv-3514 |
| v. | ) Judge Sharon Johnson Coleman |
| TARRY WILLIAMS, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Ronald Steele ("Steele"), filed a writ of habeas corpus alleging that he has been denied his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process. For the reasons stated below, this Court denies Steele's petition.

**Background**

Following a jury trial, Steele was convicted of first degree murder while committing an armed robbery, and was sentenced to fifty-five years in prison for murder in addition to a forty year enhancement for personally discharging a weapon that caused great bodily harm, permanent disability, permanent disfigurement, or death to another person.

Steele appealed his conviction to the Illinois Appellate Court, claiming that he was denied a fair trial by an improper statement that the trial judge made during jury selection.[1] The appellate court affirmed the judgment of conviction, holding that (1) Steele had forfeited his Sixth Amendment claim because he had not objected to the judge's statement at trial or in his post-trial motion and (2) the remarks did not constitute plain error because Steele made no showing of

---

[1] The trial judge informed the venire, in pertinent part, that "if you are unable to fulfil your jury service in a criminal case because you don't think the criminal justice system works or because you can't be fair or there is drug usage or something else, I certainly could ask the jury commissioner to re-assign you to a civil case and I would suggest that sometimes those civil cases last months." (Dkt. 13 Ex. B, at 9).

1

prejudice. (Dkt. 13. Ex. B, at 5–6). Steele's petition for leave to appeal to the Illinois Supreme Court was subsequently denied. *People v. Steele*, 871 N.E.2d 60, 224 Ill.2d 590 (Ill. 2007) (table).

Steele then initiated a state post-conviction proceeding alleging, as is pertinent here, the ineffectiveness of trial counsel and that the forty-year sentence enhancement was unconstitutional. (Dkt. 13 Ex. I). The post-conviction court dismissed Steele's petition. (Dkt. 13 Ex. K). Steele appealed the dismissal to the Illinois Appellate Court, asserting only that his sentence was unconstitutional because the firearm enhancement provision was vague. *People v. Steele*, No. 1-11-2536, 2013 WL 1289158 (Ill. App. Ct. Mar. 29, 2013). The Illinois Appellate Court affirmed the post-conviction order, and the Illinois Supreme Court declined to review that decision. *Id.*; *People v. Steele*, 996 N.E.2d 21, 374 Ill.Dec. 574 (Ill. 2013) (Table). Steele then filed the present petition. This Court notes that Steele's reply was due to this Court no later than March 13, 2015. On March 19, 2015, Steele moved for an extension of time in which to file his reply. Steele subsequently filed his reply on April 3rd, 2015. This Court has accepted Steele's late-filed reply brief, and accordingly strikes his motion for an extension of time as moot.

**Legal Standard**

A federal court may not grant a petition for a writ of habeas corpus for "any claim that was adjudicated on the merits in State court proceedings" unless the state proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "unreasonable application" clause authorizes federal courts to grant the writ when a "state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 1521, 146 L.Ed.2d 389 (2000). The state-court application of federal law must be "objectively unreasonable." *Id.*

2

**Discussion**

*1. Petitioner's Sixth Amendment Claim.*

A state court's rejection of a claim on procedural grounds bars habeas relief if the holding rests on a state law ground that is independent of the federal question that the petitioner asserts and that is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991). A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case, such that it did not actually address the merits of the federal question. *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010). Here, the Illinois Appellate Court held that Steele had forfeited his Sixth Amendment claim by failing to object to the trial court's remarks contemporaneously or to raise the issue in his post-trial motion. The state court therefore resolved Steele's Sixth Amendment claim by applying Illinois' forfeiture doctrine, a procedural doctrine of state law, rather than addressing Steele's constitutional argument. Its holding was thus independent of the merits of Steele's Sixth Amendment claim. A state law basis for a decision is adequate when it is a firmly established and regularly followed state practice at the time it is applied. *Id.* Steele does not argue that the forfeiture doctrine is not an adequate ground for the Appellate Court's decision not to reach the merits of his Sixth Amendment claim, and the doctrine is firmly established and regularly followed in Illinois' courts. *Id.* Accordingly, Steele's Sixth Amendment claim is procedurally defaulted.

Having established that Steele's Sixth Amendment claim is procedurally defaulted, we cannot revisit the Sixth Amendment issue unless Steele can establish (1) cause for failing to properly raise his claim and resulting prejudice; or (2) a fundamental miscarriage of justice based on new, reliable evidence of innocence. *Coleman v. Hardy*, 628 F.3d 314, 318–319 (7th Cir. 2010).

Steele does not assert that there is new evidence such that failure to consider his Sixth Amendment claim will result in a fundamental miscarriage of justice. Nor does Steele adequately

3

allege cause and prejudice. "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). Although Steele argued in state court that his trial counsel was ineffective for failing to properly preserve his Sixth Amendment claim, he did not properly exhaust that claim by appealing it to the highest state court and therefore may not rely on that contention here. *Murray v. Carrier*, 477 U.S. 478, 479, 106 S.Ct. 2639, 2641, 91 L.Ed.2d 397 (1986) ("While ineffective assistance of counsel constitutes cause for a procedural default, the exhaustion doctrine generally requires that an ineffective assistance claim be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings."). Accordingly, Steele has failed to establish cause for his default, and this Court need not reach the question of whether or not he was prejudiced.

*2. Petitioner's Fourteenth Amendment Claim*

Steele next contends that his sentence is unconstitutional because the applicable sentencing enhancement statute, 730 ILCS 5/5-8-1-(a)(1)(d)(iii), is unconstitutionally vague. Because the Illinois Appellate Court rejected this contention on its merits, to prevail Steele must demonstrate that the Illinois Appellate Court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). If Supreme Court precedent gives no clear answer on the question presented, a state court cannot be said to have unreasonably applied such precedent. *Carey v. Musladin*, 549 U.S. 70, 77, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006).

Here, Steele argues that the applicable sentencing statute is unconstitutional. But he offers, and this Court is aware of, no Supreme Court precedent supporting his position. Accordingly, Steele has failed to demonstrate that the Illinois Appellate Court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

4

**Conclusion**

For the foregoing reasons, the petition for habeas corpus relief is denied.  Petitioner's request for an extension of time is stricken as moot.

IT IS SO ORDERED.

Date:  November 3, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge